No. 99-393

IN THE SUPREME COURT OF THE STATE OF MONTANA

2000 MT 99N

ROCKY MOUNTAIN BANK OF PLAINS,

a corporation,

Plaintiff and Respondent,

v.

CURT COX,

Defendant and Appellant.

APPEAL FROM: District Court of the Twentieth Judicial District,

In and for the County of Sanders,

Honorable Michael C. Prezeau, Judge Presiding

COUNSEL OF RECORD:

For Appellant:

Curt Cox, Pro Se, Plains, Montana

For Respondent:

Claude I. Burlingame, Attorney at Law, Thompson Falls, Montana

Debra Parker, Corwley, Haughey, Hanson, Toole & Dietrich,

Kalispell, Montana

Submitted on Briefs: March 30, 2000

Decided: April 19, 2000

Filed:

_____

Clerk

Chief Justice J. A. Turnage delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2 Curt Cox appeals from a judgment entered by the Twentieth Judicial District Court, Sanders County, in this judicial foreclosure action. We affirm.

¶3 Eight of the nine issues raised by Cox on appeal relate to the judgment granted below against 1804, Inc., a corporation of which Cox was the registered agent and incorporator. Rocky Mountain Bank of Plains, Inc., asserts that because this Court dismissed the appeal of 1804, Inc., by order issued on January 20, 2000, none of those issues survive. Cox replies that title to all of the remaining rights and assets of 1804, Inc., were transferred to him, that he is therefore now the owner of the claims stated in all of the issues set forth in his appeal, and that he is thus entitled to argue them. This argument was considered and rejected in this Court's order dismissing the appeal of 1804, Inc., for failure to timely file a brief before its final extension of time for filing expired on January 3, 2000. We will not reconsider the argument now.

¶4 The sole remaining issue on appeal is whether the District Court erred in denying Cox's claim for attorney fees and costs. As the Bank points out, a claim for attorney fees requires

that the party has been represented by a duly admitted or licensed attorney at law. Section 37-61-215, MCA. Cox, who is not an attorney, has proceeded pro se throughout this matter. We conclude that the District Court did not err in denying his claim for attorney fees.

¶5 As to costs, they must be allowed to a defendant upon a judgment in his favor. Section 25-10-102, MCA. There is no judgment in this case in favor of Curt Cox. We hold that the District Court therefore did not err in rejecting Cox's unsubstantiated claim for costs.

¶6 Affirmed.

/S/ J. A. TURNAGE

We concur:

/S/ WILLIAM E. HUNT, SR.

/S/ TERRY N. TRIEWEILER

/S/ W. WILLIAM LEAPHART

/S/ KARLA M. GRAY